1
2
3
4
5

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>KANS, INC.; RAJWINDER KAUR; PANKAJ R. LAVINGIA; and DOES 1-10 INCLUSIVE,<br><br>  Defendants. | Case No. ED CV16-00521 JAK (KKx)<br><br>**ORDER GRANTING STIPULATION TO:**<br>　**(1) ENTER CONSENT DECREE FOR PERMANENT INJUNCTION AGAINST DEFENDANT <u>KANS, INC.</u>**<br>　**(2) DISMISS DEFENDANT <u>KANS, INC.</u> FROM THE ACTION** *WITHOUT PREJUDICE*<br><br>**JS-6** |

1
**STIPULATION TO ENTER CONSENT DECREE**

## ORDER FOR PERMANENT INJUNCTION

The parties have stipulated to the following:

A.   Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Kans, Inc. ("Kans-Inc"), alleging that Kans-Inc violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.   The Parties entered into a confidential settlement agreement effective as of April 1, 2016 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

Good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   For the purposes of binding preclusive effect on Kans-Inc as to disputes occurring after April 1, 2016, between Kans-Inc and Sream, and only for such purposes, Kans-Inc admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

   b. The RooR Marks are valid and enforceable.

   c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

2.   Effective April 1, 2016, Kans-Inc, and those acting on its behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (the "**Permanent Injunction**").

3. Kans-Inc is bound by the Permanent Injunction regardless of whether Mr. Martin Birzle assigns or licenses his intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Permanent Injunction inures to the benefit of Mr. Martin Birzle successors, assignees, and licensees.

4. This Court shall retain jurisdiction to resolve disputes between and/or among the Parties arising out of the Settlement Agreement and Permanent Injunction, including as to the interpretation of their respective terms.

5. The Parties waive any rights to appeal this Permanent Injunction.

6. Upon entry of this Order, Defendant Kans-Inc shall be dismissed from the Action, *without prejudice*, with each party to bear its own attorney's fees and costs.

IT IS SO ORDERED.

Dated: May 3, 2016

John A. Kronstadt
United States District Judge